**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000438**
**14-JUN-2019**
**07:48 AM**

NO. CAAP-18-0000438

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF
J.M., a Minor

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-J NO. 104118; REF. NO. 116-159)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Minor-Appellant J.M. (**JM**)[1] appeals from (1) the Decree

Re: Law Violation Petition(s), filed on February 23, 2018

(**Violation Decree**), (2) the Decree Re: Modification and Change of

Law Violations Decree, filed on March 29, 2018 (**First**

**Modification Decree**), and (3) the Decree Re: Modification and

Change of Law Violations Decree, filed on May 3, 2018 (**Second**

**Modification Decree**), entered by the Family Court of the Second

Circuit (**Family Court**).[2]  JM was found by the Family Court to be

---

[1]     It is undisputed that JM was under the age of eighteen at the time
of the alleged law violation, but he was at least eighteen years old at all
other times relevant to this appeal.

[2]     The Honorable Adrianne N. Heely presided.

a law violator, pursuant to Hawaii Revised Statutes (**HRS**) § 571-11(1) (2018),[3] for the sexual assault of a minor and was, as a result, placed on juvenile probation subject to various terms and conditions.

JM raises three points of error on appeal, contending that: (1) the Family Court erred in denying JM's motion to suppress and admitting incriminating statements JM made to Maui police officers without applying Hawai'i Family Court Rules (**HFCR**) Rule 142; (2) the Family Court erred in Conclusion of Law (**COL**) 6, which concluded JM was properly advised of his Miranda rights,[4] because law enforcement failed to inform JM of his right to have his parents or another adult present during custodial interrogation; and (3) the failure to comply with HFCR Rule 142 constitutes clear error.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve JM's points of error as follows:

---

[3]     HRS § 571-11 states, in pertinent part:

§ **571-11 Jurisdiction; children.** Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:
(1)     Concerning any person who is alleged to have committed an act prior to achieving eighteen years of age that would constitute a violation or attempted violation of any federal, state, or local law or county ordinance. Regardless of where the violation occurred, jurisdiction may be taken by the court of the circuit where the person resides, is living, or is found, or in which the offense is alleged to have occurred[.]

[4]     See Miranda v. Arizona, 384 U.S. 436 (1966).

(1)    HFCR Rule 142 provides:

> **Rule 142.  EXTRA-JUDICIAL STATEMENTS.**
> No extra-judicial statement by the child made as a result of a custodial interrogation by a police officer shall be admitted into evidence absent a showing that required warnings of the child's constitutional rights were given the child in a meaningful way; that the child was informed of the child's right to have the child's parents or other adult present during any custodial interview; that any waiver of said rights was express and made with understanding; and that the statement itself was made voluntarily and without coercion or suggestion. In determining the admissibility of an extra-judicial statement, attention shall be given to the totality of circumstances in giving the warnings and obtaining the statement, including an examination into compliance with the provisions of HRS section 571-31.

By its express terms, HFCR Rule 142 applies to extra-judicial statements made by a "child" under custodial interrogation.  The HFCR do not define "child."  However, the HFCR expressly incorporate the definitions of HRS § 571-2.  See HFCR 121(b).[5]  HRS § 571-2 (2018)[6] defines a "child" as "a person less than eighteen years of age."  This is in accord with the commonly understood meaning of the word "child" as a minor or person under the age of majority.  See Child, Black's Law Dictionary (9th ed. 2009) (defining "child" as "[a] person under

---

[5]    HFCR Rule 121(b) states:

**Rule 121.  PURPOSE AND SCOPE; DEFINITIONS.**
. . . .
(b) **Definitions.**  In addition to statutory definitions set forth in HRS section 571-2 as used in these rules, unless the context requires another meaning:

[listing eight definitions not relevant here].

[6]    HRS § 571-2 states, in relevant part:

**§ 571-2  Definitions.**  When used in this chapter, unless the context otherwise requires:
. . . .
"Child" or "minor" means a person less than eighteen years of age.

the age of majority"). HRS 577-1 (2018)[7] also provides that eighteen years of age is the time at which the age of minority ceases. Accordingly, the definition of "child" applied by the HFCR, and in accord with the common understanding of the term, is a person who is under the age of eighteen.

The Family Court exercised jurisdiction over this case pursuant to HRS § 571-11(1), which provides it has exclusive original jurisdiction in proceedings:

> (1) Concerning any <u>person</u> who is alleged to have committed an act prior to achieving eighteen years of age that would constitute a violation or attempted violation of any federal, state, or local law or county ordinance. Regardless of where the violation occurred, jurisdiction may be taken by the court of the circuit where the person resides, is living, or is found, or in which the offense is alleged to have occurred[.]

(Emphasis added). Of note, the statute states that the Family Court has jurisdiction over any "person" who is alleged to have committed an act before reaching the age of eighteen that would be a law violation, as opposed to only a "child" that committed such an act.[8] Thus, the Family Court retains jurisdiction over an <u>adult</u> who has committed a law violation under HRS § 571-11 before turning eighteen years of age for, *inter alia*, "the purpose of holding hearings and/or entering orders of disposition

---

[7] HRS § 577-1 states:

> **§ 577-1 Age of majority.** All persons residing in the State, who have attained the age of eighteen years, shall be regarded as of legal age and their period of minority to have ceased.

[8] A number of the jurisdictional provisions in HRS § 571-11 expressly set forth jurisdiction solely over a "child" as opposed to a "person." See, *e.g.*, HRS § 571-11(2) (jurisdiction over a "child" who is neglected, beyond the control of a parent, who is not attending school, or in violation of curfew); HRS § 571-11(3) (jurisdiction to determine custody or appoint a guardian of any child); HRS § 571-11(6) (judicial consent to marriage, employment or enlistment of child).

concerning the alleged offenses." See HRS § 571-13 (2018);[9] In re Doe, 86 Hawai'i 517, 519-22, 950 P.2d 701, 703-05 (App. 1997) (discussing, *inter alia*, a family court's retention of jurisdiction over an adult).

HFCR Rule 142 begins, "No extra-judicial statement by the child made as a result of a custodial interrogation by a police officer. . . ." HFCR Rule 142 is not ambiguous. The rule only applies when a child is subjected to custodial interrogation by law enforcement, and a child is a person under the age of eighteen, as provided by HRS § 571-2. We conclude that HFCR Rule 142 was not applicable to JM when he was interrogated by Maui police officers, because it is undisputed that JM had reached the age of majority before the time of questioning, and he was no longer a child. Accordingly, the Family Court did not plainly err when it determined that HFCR Rule 142 did not apply and admitted JM's statements to the Maui police.

---

[9] HRS § 571-13 states:

> **§ 571-13 Retention of jurisdiction.** Except as otherwise provided in this chapter, jurisdiction obtained by the court in the case of a minor may be retained by it, for the purposes of this chapter, after the minor becomes eighteen years of age until the full term for which any order entered shall have expired. Further, in the case of any person who is alleged to have committed an offense under section 571-11 prior to reaching eighteen years of age, the court shall have jurisdiction after the person becomes eighteen for the purpose of holding hearings and/or entering orders of disposition concerning the alleged offenses or for the purpose of making and issuing orders for pre-trial detention of persons aged eighteen years or older to an adult correctional facility, when the person is alleged to have committed an act or acts during the person's minority that would constitute a violation of section 571-11(1). This section shall not be construed, however, to confer any jurisdiction upon the family court over a person for any criminal act committed after the person achieves eighteen years of age.

(2) JM argues the Family Court erred in COL 6 by concluding that JM was properly advised of his rights pursuant to the <u>Miranda</u> decision and that he knowingly, intelligently, and voluntarily waived his rights before speaking to Maui police officers on August 31, 2015. JM contends that he did not knowingly, intelligently, and voluntarily waive his constitutional right to remain silent because the police officers failed to inform him of his right to have his parents or another adult present during his custodial interrogation by police, as JM submits is required pursuant to HFCR Rule 142.

The Family Court's COL 6 stated:

> 6. The Court, having reviewed the evidence presented, including the recording of the advisement of Miranda rights to [JM] by detectives, the testimony of the witnesses, and the filings and arguments of the parties concludes that [JM], was properly advised of his rights pursuant to the <u>Miranda</u> decision and that he knowingly, intelligently, and voluntarily waived his rights before speaking to Detectives Krau and Satterfield on August 31, 2015.

JM argues that, even though he was over eighteen years of age when interviewed by the Maui Police Department, HFCR Rule 142 still applied. This argument is based on JM's interpretation of the HFCR Rule 121(a). HFCR Rule 121(a)[10] sets forth the purpose and scope of Part D of the HFCR relating to "juvenile proceedings", and states that "[t]he purpose of these rules is to implement the provisions of the Hawai'i Family Court Act, Chapter 571, Hawai'i Revised Statutes, relating to cases coming under

---

[10] HFCR Rule 121(a) states:

**Rule 121. PURPOSE AND SCOPE; DEFINITIONS.**
(a) **Purpose and scope.** The purpose of these rules is to implement the provisions o the Hawai'i Family Court Act, Chapter 571, Hawai'i Revised Statutes, relating to cases coming under sections 571-11(1) and (2).

sections 571-11(1) and (2)." HFCR Rule 142, pertaining to extra-judicial statements, is included under Part D of the HFCR. The Family Court asserted jurisdiction over JM under HRS § 571-11(1).

JM cites In re Doe, 86 Hawai'i 517, 950 P.2d 701 (App. 1997), in support of his argument that HFCR Rule 142 was applicable to him even though he was over the age of eighteen, because the Family Court had asserted jurisdiction under HRS § 571-11(1). In In re Doe, a minor was found to have committed an offense when he was under the age of eighteen, but at the time of adjudication and disposition, Doe was twenty-one-years old. Id. at 519, 950 P.2d at 703. The case addressed whether the Family Court had jurisdiction to sentence Doe to time in an adult correctional facility. Id. This court reviewed the statutes that granted the family court's authority, as a court of limited jurisdiction, and concluded that HRS § 571-48, which sets out the disposition authority of the family court, does not permit the family court to commit a person to an adult correctional facility. Id. at 520-22, 950 P.2d at 704-06. We conclude that In re Doe does not support the proposition asserted by JM in this case.

JM makes no additional arguments to support his claim that the waiver of his Miranda rights was not knowing, intelligent, and voluntary. We conclude that the Family Court's COL 6 that found JM's Miranda waiver knowing, intelligent, and voluntary was not wrong.

(3) JM's third point is not a separate claim of error, but rather a request for this court to grant plain error review

to the alleged violation of his rights under HFCR Rule 142. As we have concluded that HFCR Rule 142 was not applicable to JM when he was interrogated by the Maui police, JM is not entitled to relief under plain error review or otherwise.

For these reasons, we affirm the Family Court's February 23, 2018 Violation Decree, March 29, 2018 First Modification Decree, and May 3, 2018 Second Modification Decree.

DATED: Honolulu, Hawai'i, June 14, 2019.

On the briefs:

James K. Tagupa,
for Minor-Appellant.

Brandon L.K. Paredes,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge